UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

TYLON C. OUTLAW　　　　　　　　　　　:
52 Goosebury Hill　　　　　　　　　　　　:
Wethersfield, Connecticut  06109-2513　:
　　*Plaintiff,*　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:　CASE NO.: 3. 07cv1769 (CFD)
V.　　　　　　　　　　　　　　　　　　　　:　**307CV01769** CFD
　　　　　　　　　　　　　　　　　　　　　　:
CITY OF HARTFORD　　　　　　　　　　 :
c/o Mr. Daniel M. Carey　　　　　　　　 :
Town and City Clerk　　　　　　　　　　 :
550 Main Street　　　　　　　　　　　　 :
Hartford, CT  06103　　　　　　　　　　 :
　　*Defendant;*　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
DETECTIVE TROY GORDON　　　　　　　:
*in his individual capacity*　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　*Defendant;*  AND　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
OFFICER MICHAEL ALLEN　　　　　　　 :
*in his individual capacity*　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　*Defendant.*　　　　　　　　　　　　　 :　November 29, 2007

## COMPLAINT

### FACTUAL PREDICATE

1.　　On December 17, 2004 at approximately 23:54 hours, Officer Michael

Allen was operating a marked cruiser traveling North on Union Place.  He

was working in conjunction with Detective Gordon who was in an unmarked vehicle.

2.      Tylon Outlaw was initially observed by Detective Gordon to be standing in the Northbound travel lane facing the passenger side of a double parked vehicle along the side of Union Place.

3.      Detective Gordon accosted Outlaw from his vehicle, asking Outlaw: "Hey, mother fucker, what's up?... I'll fuck you up."

4.      Detective Gordon suddenly exited his vehicle, ran up to Outlaw, now Out of the street on the driver's side of the taxicab, and violently kicked Outlaw in the stomach.

5.      Upon seeing Detective Gordon kick Outlaw, Officer Allen exited his vehicle Outlaw attempted to step back and was struck by Officer Allen in the back of the head with a blunt weapon.  Outlaw fell to the ground, was dragged by Officer Allen and Detective Gordon between vehicles, and severely beaten.  Officer Allen struck Outlaw in the right knee with a blunt weapon, with such force, that Officer Allen fractured Outlaw's right knee.  Outlaw also suffered severe contusions and lacerations to his head and face as a result of this outrageous beating.

2

6.     The City of Hartford, and the Hartford Police Department have systematically  failed to provide its police officers, to include the officers involved with Tylon Outlaw on the night of his arrest, with proper training of its officers in the use of force when making an arrest of a suspect.

7.     The  City of Hartford, and the Hartford Police Department were on notice of the violent natures and tendencies of its police officers, to include the officers involved with Tylon Outlaw on the night of his arrest, and failed to take corrective action to prevent the kinds of cruel and outrageous abuse inflicted upon the Plaintiff and other members of the community.

8.     The City of Hartford, and the Hartford Police Department have systematically failed to adequately hire, train, supervise, discipline, monitor, counsel, otherwise control and oversee its police officers, to include the officers involved with Tylon Outlaw on the night of his arrest, to prevent the cruel and outrageous abuse inflicted upon the Plaintiff and other individuals in the community.

9.     The City of Hartford, the Hartford Police Department, and its police officers, to include the officers involved with Tylon Outlaw on the night of his arrest, have engaged in a pattern of police misconduct to include police

3

brutality and excessive force when dealing with suspects and members of the community.

10.    As a result of the wanton, reckless and malicious conduct of the officers, and the municipal defendants, Outlaw sustained: a fractured right knee requiring extensive surgery and physical therapy; bloody contusions to the head and face; hospitalization; medication; missed work; pain and suffering; and psychological trauma.

11.    As a further result of the wanton, reckless and malicious conduct of the officers, and municipal defendants, Outlaw will continue to require medical treatment, and has lost the opportunity to fully enjoy life's activities.

**FIRST CLAIM: [42 U.S.C. § 1983; Police Officer Defendants]**

12.    The Plaintiff brings this first claim pursuant to 42 U.S.C. § 1983, insofar as each Police Officer Defendant violated the Plaintiff's Fourth, Eighth, Ninth, and Fourteenth Amendment right to liberty, privacy, the security of his person, and his right to be free from violence and cruel and unusual punishment.

**SECOND CLAIM: [42 U.S.C. § 1983; Municipal Defendants—Failure to Control Police Officers]**

13.    The Defendant City of Hartford, and the Defendant Hartford Police

Department has systematically failed to adequately hire, train, supervise,

discipline, monitor, counsel, otherwise control and oversee its

Police Officers to prevent the cruel and outrageous abuse inflicted upon the

Plaintiff and other individuals in the community .

14.     The  Defendant City of Hartford, and the Defendant Hartford Police

Department were on notice of the violent natures and tendencies of its police

officer, to include the Defendant Police Defendants and failed to take

corrective action to prevent the kinds of cruel and outrageous abuse inflicted

upon the Plaintiff and other members of the community.

**THIRD CLAIM:  [42 U.S.C. § 1983; Municipal Defendants—Pattern of Misconduct]**

15.     The Defendant City of Hartford, the Defendant Hartford Police

Department, and its police officers, have engaged in a pattern of police

misconduct to include police brutality and excessive force when dealing

with suspects and members of the community.

16.     The  aforesaid pattern of misconduct led to the cruel and outrageous

abuse inflicted upon the Plaintiff and other members of the community.

**FOURTH CLAIM: [Assault and Battery]**

17.    The Plaintiff brings this claim against each Defendant pursuant to the Court's supplemental jurisdiction.

18.    The defendants are responsible for the assault and battery inflicted upon the Plaintiff.

**FIFTH CLAIM: [Intentional Infliction of Emotional Distress]**

19.    The Plaintiff brings this claim against each Defendant pursuant to the Court's supplemental jurisdiction.

20.    The Defendants are responsible for the intentional infliction of emotional distress upon the Plaintiff.

**SIXTH CLAIM: [Negligent Infliction of Emotional Distress]**

21.    The Plaintiff brings this claim against each Defendant pursuant to the Court's supplemental jurisdiction.

22.    The Defendants are responsible for the negligent infliction of emotional distress upon the Plaintiff .

## SEVENTH CLAIM: [VIOLATIONS OF THE CONNECTICUT CONSTITUTION]

23.     The Plaintiff brings this claim against each Defendant pursuant to the Court's supplemental jurisdiction.

24.     The Defendants each violated their individual and collective responsibility to keep the plaintiff safe from harm and abuse during their encounter with the Plaintiff pursuant to the Social Compact Clause of Article first, Section 1 of the Connecticut Constitution;  Article 1, Section 7; Article 1, Section 8; Article 1, Section 9; AND Article 1, Section 20.

**Wherefore**, the plaintiff seeks Three-Million Dollars ($3,000,000.00) money damages; additional punitive damages; attorney fees pursuant to 42 U.S.C. § 1988; costs; and any other equitable relief ordered by this honorable Court for the actions of the defendants alleged in the foregoing complaint.

THE PLAINTIFF
TYLON C. OUTLAW

Anthony DiCrosta, Esq., AND
Raymond J. Rigat, Esq.
His Attorneys

By: _____
Anthony DiCrosta, Esq.

7

Mirto, Ketaineck & DiCrosta, P.C.
140 Captain Thomas Boulevard
West Haven, CT  06516
Tel.: (203) 932-2225 (ext. 5)
Fax: (203) 934-4834
e-mail: tony@mkbd.com; AND

By:_____
Raymond J. Rigat, Esq.
23 East Main Street
Clinton, Connecticut  06413
Tel.: (860) 669-3273
Fax: (860) 669-3495
e-mail: raymondjrigat@sbcglobal.net
Fed. Bar Number: ct13320

## JURY DEMAND

The Plaintiff respectfully requests trial by jury on all issues presented

in the forgoing complaint.

_____
Anthony DiCrosta, Esq.
Attorney for the Plaintiff

_____
Raymond J. Rigat, Esq.
Attorney for the Plaintiff