UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

TYLON C. OUTLAW,     )
             )
 Plaintiff,       )
             )
  v.         )  Case No. 3:07-cv-01769
             )
CITY OF HARTFORD, DETECTIVE )
TROY GORDON, OFFICER MICHAEL )
ALLEN,         )
             )
 Defendants.     )

**OPINION AND ORDER ON
PLAINTIFF'S MOTION FOR RECONSIDERATION
(Doc. 110)**

   Plaintiff moves for partial reconsideration of the court's April 6, 2015 opinion and order on defendants' motions for summary judgment. The court granted summary judgment to defendants on plaintiff's state-law assault and battery claims because plaintiff's counsel agreed at the March 26 hearing that the claims should be dismissed as untimely under the applicable statute of limitations. Plaintiff argues that the court should revisit its decision because his counsel's concession was clearly incorrect. Defendants object that plaintiff knowingly waived the claims and should be held to the position his counsel took at oral argument. Defendants do not maintain that the claims are actually barred by the statute of limitations, or that defendants will be somehow prejudiced if the court reconsiders its decision.

   Connecticut's statute of limitations for intentional tort claims provides that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." Conn. Gen. Stat. Ann. § 52-577; *see Alteiri v. Colasso*, 362 A.2d 798, 800 (Conn. 1975) (holding that § 52-577 applies to claims of intentional assault and battery). The incident giving rise to plaintiff's assault and battery claims took place on December 17, 2004. Plaintiff filed his complaint on November 30, 2007, less than three years later. His claims for

1

intentional assault and battery are therefore not barred by the statute of limitations.[1] His counsel's position at oral argument was clearly erroneous and the court will reconsider its decision to grant summary judgment on these claims. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." (quotation omitted)).

Defendants argue that they are entitled to summary judgment on plaintiff's state-law assault and battery claims because the defendant officers did not use excessive force in the course of arresting plaintiff on December 17, 2004. To prevail on a claim for assault and battery, plaintiff must establish that a defendant applied force or violence to him and that the application of such force or violence was unlawful. *Betancourt v. Slavin*, 676 F. Supp. 2d 71, 80 (D. Conn. 2009); *see* Conn. Gen. Stat. § 53a–59 (assault in the first degree); Conn. Gen. Stat. § 53a–22 (use of physical force in making arrest or preventing escape). The essential elements of a Fourth Amendment excessive-force claim and a state-law assault-and-battery claim are substantially identical. *Posr v. Doherty*, 944 F.2d 91, 95 (2d Cir. 1991). As this court determined in its April 6, 2015 opinion and order, genuine issues of material fact preclude summary judgment on plaintiff's excessive-force claims. Because his assault and battery claims arise from the same set of facts, summary judgment on these claims is also inappropriate. Defendants' motion for summary judgment on these claims is therefore DENIED.

Dated this 5th day of May, 2015.

Geoffrey W. Crawford, Judge
United States District Court

---

[1] As plaintiff correctly notes, any claim for negligent, reckless or wanton assault and battery would be barred by Conn. Gen. Stat. § 52-584, which imposes a two-year limitation period on such claims. *Lambert v. Stovell*, 529 A.2d 710, 712 (Conn. 1987).