UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| TYLON C. OUTLAW, | : | 3:07 CV 01769 (GWC) |
|---|---|---|
| Plaintiff, | : | |
| VS. | : | |
| CITY OF HARTFORD, Troy Gordon Officer Michael Allen | : | |
| Defendants. | : | December 16, 2015 |

**PLAINTIFF'S PRELIMINARY REQUESTS**
**FOR JURY INSTRUCTIONS**

Pursuant to the Court's Pre-Trial Order, the plaintiff in the above-captioned matter respectfully requests that the Court instruct the jury[1] as follows:

**BURDEN OF PROOF**

I shall shortly instruct you on the elements of plaintiffs' section 1983 claim, and on the elements of the defendants qualified immunity defense.

The plaintiff has the burden of proving each and every element of his section 1983 claim by a preponderance of the evidence. The defendant has the burden of proving each element of his affirmative defenses. I shall shortly instruct you on the elements of these defenses. If you find that any of the elements of the defendants' defenses have not been proven by a preponderance of the evidence, you must disregard the defense.

In order to meet his burden of proof, a party must satisfy you that his claims on an issue are more probable than not. You may have heard in criminal cases that proof must be beyond a reasonable doubt, but I must emphasize to you that this is not a criminal

---

[1] The plaintiff also requests permission to supplement or revise these instructions as necessary prior to and during trial.

1

case, and you are not deciding criminal guilt or innocence. In civil cases such as this one, a different standard of proof applies. The party who asserts a claim has the burden of proving it by a fair preponderance of the evidence, that is, the better or weightier evidence must establish that, more probably than not, the assertion is true. In weighing the evidence, keep in mind that it is the quality and not the quantity of evidence that is important; one piece of believable evidence may weigh so heavily in your mind as to overcome a multitude of less credible evidence. The weight to be accorded each piece of evidence is for you to decide.

An example of what I mean, imagine in your mind the scales of justice. Put all the credible evidence on the scales regardless of which party offered it, separating the evidence favoring each side. If the scales remain even, or if they tip against the party making the claim, then that party has failed to establish that assertion. Only if the scales incline, even slightly, in favor of the assertion may you find the assertion has been proved by a fair preponderance of the evidence.

**Authority:** Gomez v. Toledo, 446 U.S. 635 (1980); Alexander v. Alexander, 706 F.2d 751 (6th Cir. 1983); Seventh Circuit: Beard v. Mitchell, 604 F.3d 485 (7th Cir. 1979); Bueller v. Buechler, 706 F.2d 844 (8th Cir. 1983); Landrum v. Moats, 576 F.2d 1320 (8th Cir. 1978); McGhee v. Draper, 564 F.2d 902 (10th Cir. 1979). *See also*, Tianti v. William Raveis real Estate, Inc., 231 Conn. 690, 702 (1995); Holmes v. Holmes, 32 Conn. App. 317, 318, cert. denied, 228 Conn. 902 (1993); Connecticut Jury Instructions 3.2-1, Standard of Proof.

## 42 U.S.C. SECTION 1983

The law to be applied to the claims in this case is the federal civil rights law which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law. Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United State or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law, shall be liable to the party injured in action at law, suit in equity, or other proper proceedings for redress.

**Authority:** Jury Instructions given in the case of <u>King v. Crose, et al.</u>, Civil No. 3:93CV1273(AHN).

## SECTION 1983: THE ELEMENTS

The plaintiff claims that his constitutional rights were violated because the defendants used excessive force during their arrest of the plaintiff. To prevail on this claim, the plaintiff must prove among other things, by a preponderance of evidence, each of the following elements as to each claim of constitutional violation:

<u>First,</u> that defendants acted under the color of state law;

<u>Second,</u> that the defendants violated the plaintiff's constitutional rights by using excessive force against him;

<u>Third,</u> that the defendants' acts were the proximate cause of any damages sustained by plaintiff.

It is not necessary under this statute to find that the defendants specifically intended to deprive the plaintiff of his constitutional rights. Instead, a plaintiff is entitled to relief if the defendants intentionally or recklessly engaged in conduct which violated particular constitutional rights.

An act is <u>intentional</u> if it is done knowingly; that is, if it is done voluntarily and deliberately and not because of accident, mistake, negligence or other innocent reason. An act is <u>reckless</u> if it is done in conscious disregard of its known probable consequences.

In determining whether a defendant acted intentionally or recklessly, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds, and your belief or disbelief with respect to those facts.[2]

Here, the parties agree that the defendants acted under color of state law, so you need not consider that issue. Keeping these general requirements of a § 1983 civil rights claim in mind, I shall now instruct you concerning the specific constitutional rights of which the plaintiff claims were violated.

**Authority:** Outlaw v. City of Meriden, 43 Conn. App. 387, 391 (1996)
Brodrib v. Doberstein, 107 Conn. 294, 296 (1928)

## PLAINTIFF'S FOURTH AMENDMENT RIGHTS

The Fourth Amendment to the United States Constitution provides to every citizen the right to be secure in his or her person against unreasonable seizures by the police. A "seizure" or arrest is reasonable and lawful if it is supported by probable cause. A police officer is entitled under the law to use reasonable force if necessary to make an arrest, and for certain other purposes. However, a police officer may not use force which is excessive, even if he is making a lawful arrest. Whether or not a police officer is justified in using force to complete an arrest, and if so how much force that officer is justified in using, are determined by the Fourth Amendment standard of "reasonableness."

---

[2] Charge to the jury delivered by the Honorable Jose A. Cabranes in James F. Althan, Jr. v. Philip Beamon, Civil No. N-86-387 (JAC) (D.Conn. April 8, 1991), at 17; Sand, Instructions 87-68-77(significantly adapted).

4

In this case, it is not disputed that force was used to effect the arrest of the plaintiff. You must therefore decide whether the plaintiff has proven that he was subjected to excessive force as he claims, in that the force used by the officers was unreasonable under the circumstances.

In weighing the conduct of the police officers, you must give due consideration to legitimate concerns for their safety. The officers at the scene may properly consider such factors as the nature of the crime involved, whether the suspect poses an immediate threat to them or others, and whether he is actively resisting arrest or attempting to avoid arrest by fleeing. Therefore, in examining the claim of the plaintiff that excessive force was used against him, you must look at the situation from the perspective of a reasonable officer on the scene at that moment, taking into consideration all the circumstances which you find to have existed at the time. The question is, were the defendants' conduct within a reasonable range of appropriate police responses.

If you find from the evidence in this case that a defendant used more force against plaintiffs than might have appeared to a reasonable police officer in similar circumstances to be necessary, then you must find that the defendants used excessive force against the plaintiff, contrary to the Constitution of the United States.

**Authority:** Saucier v. Katz, 121 S.Ct. 2151 (2001); Graham v. Connor, 490 U.S. 386, 109 S. Ct. at 1865 (1989).

## CONNECTICUT CONSTITUTIONAL CLAIMS
## ARTICLE FIRST, SECTIONS 7 AND 9

The plaintiff claims that his state constitutional rights under Article First, Sections 7 an 9 of the Connecticut Constitution were also violated because the defendants used excessive force during their arrest of the plaintiff. To prevail on this claim, the plaintiff

5

must prove among other things, by a preponderance of evidence, each of the following elements as to each claim of constitutional violation:

<u>First,</u> that defendants acted under the color of state law;

<u>Second,</u> that the defendants violated the plaintiff's constitutional rights by using excessive force against him;

<u>Third,</u> that the defendants' acts were the proximate cause of any damages sustained by plaintiff.

It is not necessary under this statute to find that the defendants specifically intended to deprive the plaintiff of his constitutional rights. Instead, a plaintiff is entitled to relief if the defendants intentionally or recklessly engaged in conduct which violated particular constitutional rights.

An act is <u>intentional</u> if it is done knowingly; that is, if it is done voluntarily and deliberately and not because of accident, mistake, negligence or other innocent reason. An act is <u>reckless</u> if it is done in conscious disregard of its known probable consequences.

In determining whether a defendant acted intentionally or recklessly, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds, and your belief or disbelief with respect to those facts.[3]

Here, the parties agree that the defendants acted under color of state law, so you need not consider that issue. Keeping these general requirements of the Connecticut

---

[3] Charge to the jury delivered by the Honorable Jose A. Cabranes in <u>James F. Althan, Jr. v. Philip Beamon,</u> Civil No. N-86-387 (JAC) (D.Conn. April 8, 1991), at 17; Sand, Instructions 87-68-77(significantly adapted).

6

Constitutional civil rights claims in mind, I shall now instruct you concerning the specific constitutional rights of which the plaintiff claims were violated.

**Authority**:  Milardo v. Middletown, United States District Court, Docket No. 3:06 CV 01 0712009 (D. Conn. March 25, 2009) and cases cited therein.  See also Connecticut Jury Instruction 5.1-1, Notes; and Binette v. Sabo, 244 Conn. 23, 710 A.2d 305 (1998).

## **EXCESSIVE FORCE**

Plaintiff claims the defendant police officers used excessive force when they placed him under arrest. In making a lawful arrest, a law enforcement officer has the right to use such force as is necessary under the circumstances to effect the arrest. Whether or not the force used in making an arrest was unreasonable is question to be determined by you in light of all of the evidence received in the case.

The plaintiff contends that defendants used force which was unreasonable under the circumstances.  You must therefore decide whether the plaintiff has proved that he was subjected to excessive force by the defendants.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer.

This reasonableness inquiry is an objective one. The question is whether the defendant police officers' actions are objectively reasonable in light of the facts and circumstances confronting them.  The amount of force and other acts employed by police during an arrest should be those reasonably necessary to accomplish the purpose of the arrest, control the situation and protect the officer or others during the arrest.

If you find from the evidence in this case that either of the police defendants used more force against plaintiff than would have appeared to a reasonable police officer in similar circumstances to be necessary in order to apprehend and maintain safe control over the plaintiff, then you must find that the officer used excessive force against the plaintiff, contrary to the Constitution of the United States.

## FAILURE TO INTERVENE

The plaintiff claims that the defendant police officer, detective Sergeant Troy Gordon, further violated his rights by failing to stop Officer Michael Allen from using excessive force. The law is that an officer who is present at the scene and who has an opportunity to intervene to prevent use of excessive force is equally liable to the plaintiff if he fails to take reasonable steps to protect the plaintiff from another officer's use of excessive force.

Liability for failure to intervene may be imposed only if the officer had a realistic opportunity to intervene in a timely fashion. You should consider how close the officers were to one another and the rapidity with which the events occurred in making this determination.

**Authority:** Connecticut Civil Jury Instructions 5.1-2

## QUALIFIED IMMUNITY

The defendants in this case have raised the defense of qualified immunity. Under this doctrine, even if you find that defendants alleged use of force was unreasonable, the

law shields them from liability unless you further find that their conduct violated clearly established constitutional standards relating to the reasonableness of the use of force on the date in question. On this issue, the defendants have the burden of proof.

At the time of the incident giving rise to this lawsuit, it was clearly established that a person had a constitutional right to be free from an unreasonable use of force by police. Where rights or the law are clearly established, a police officer may only be held liable if it was objectively reasonable for him to believe that his acts were lawful.

In deciding whether the actions of either defendant police officer was objectively reasonable, you may consider the nature of a police officer's official duties, the character of his official position, the information which was known to him or not known to him, and the event which confronted him. You must ask yourself how a reasonable police officer in the defendant's situation would have acted.

## **ASSAULT & BATTERY**

In addition to claiming his federal rights were violated, the plaintiff is also claiming his rights under Connecticut state law were violated. Specifically, the plaintiff claims that the defendants committed assault and batter upon him. Assault and battery consist of two elements, both of which the plaintiff must prove by a preponderance of the evidence.

(1) The first element requires that the plaintiff prove force was applied to him. As far as the liability of the defendants is concerned, it does not matter the extent of the force used, only that force was applied. In other words, harmful or offensive touching is considered "force" for the purposes of the assault and battery claim. If, however, you

9

determine the defendants are liable for assault and battery, then the extent of the force applied and the harm caused should be considered in your calculation of damages.

(2)  The second element of assault and battery requires that plaintiff prove the force or violence applied to him was unlawful.

**Authority:**   Sansone v. Bechtel, 180 Conn. 96, 99 (1980); 2 Restatement (Second), Torts §§ 13, 15, 19, 21, and 24.

## **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

One of the claims by plaintiff against the defendants is that each of them intentionally inflicted emotional distress upon him.  This is under state common law and is not based upon the United States Constitution.

Under Connecticut Law, to establish a cause of action for intentional infliction of emotional distress, a plaintiff must show that: (1) the defendant intended or knew that emotional distress would likely result from its conduct; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused plaintiff's distress; and (4) the plaintiff's distress was severe.  Rose v. James River Paper Company, 2 F. Supp. 2d 245 (D. Conn. 1998).

The first element that the plaintiff must prove in order to recover under a cause of action for intentional infliction of emotional distress is that the defendant intended to inflict emotional distress upon him, or knew or should have know, that emotional distress would likely result from their conduct.

The second element of the plaintiff's claim, which plaintiff must prove, is that the defendants' conduct was extreme and outrageous.  It is not enough if you consider the defendants' conduct to have been unlawful.  The defendants will only be liable for

conduct which has been so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

The third element of the plaintiff's cause of action for intentional infliction of emotional distress requires him to prove that the defendants' conduct was the cause of any distress they may have suffered.

The fourth and final element of the plaintiff's cause of action for intention infliction of emotional distress requires her to prove that any emotional distress which he did suffer as the result of defendants' conduct was severe. You may have heard evidence which may lead you to believe that the plaintiff suffered some mental anxiety, as a result of being lawfully arrested, and these complaints you must disregard. In order for plaintiff to recover under this cause of action, he must show that any distress he experienced meets with the criteria for the three elements already explained to you and was additionally, severe.

## DAMAGES: GENERAL

I shall now instruct you on the issues of damages. You should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the element of damages. It is exclusively your function to decide the issue of liability, and I am instructing you on elements of damages solely so that you will have guidance should you decide that the plaintiff is entitled to recovery.[4]

## INSTRUCTIONS ON DAMAGES

If the plaintiffs have proven by a preponderance of the credible evidence that one or more of the defendants are liable on any of the plaintiff's claims, then you must

---
[4] Sand, Instruction No. 77-1

determine the damages to which the plaintiff is entitled. You should not consider the question of damages at all, unless you have first determined that one or more of the defendants did violate the plaintiff's constitutional rights and that those defendants are not entitled to qualified immunity.

**Authority:** Eulo v. Deval Aerodynamics, Inc. 47 F.R.D. 35 (E.D. Pa. 1969), modified on other grounds, 430 F.2d 325 (3d Cir. 1970), cert. denied, 401 U.S. 974, 91 S.Ct. 1189. 28 L.Ed.2d 322 (1971); Kreiger v. Bausch, 377 F.2d 398 (10th Cir. 1967).

## COMPENSATORY DAMAGES

The first kind of damages is compensatory damages. Compensatory damages represent a sum of money that will fairly, adequately and reasonably compensate a person for harm proximately caused by another's conduct. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a defendant. You shall award actual, or compensatory, damages only for those injuries which you find plaintiffs have proven by a preponderance of the evidence to have been the direct result of conduct by a defendant. That is, you may not simply award actual damages for any injury suffered by the plaintiff. Compensatory, or actual, damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. You may award compensatory damages only for those injuries which were proximately caused by the conduct of one or more of the defendants.

**Authority:** Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 51 S. Ct. 28 (1931); Kinty v. United Mine Workers of America, 544 F.2d 706 (4th Cir. 1976), cert. denied, 429 U.S. 1093 (1977); Northwestern National Casualty Co. v. McNulty, 307 F.2d 432 (5th Cir. 1962); U.S. Castings Co. v. Knight, 754 F.2d 1363 (7th Cir. 1985); Luria Brothers & Co. v. Pielet Brothers Scrap Iron Metal, Inc., 600 F.2d 103 (7th Cir. 1979).

# DAMAGES:  PROXIMATE CAUSE

As to each of these claims, it is also necessary for the plaintiff to prove by a fair preponderance of the evidence that any wrong done him -- deprivation of civil rights under 1983, state constitutional violations, assault and battery, and intentional infliction of emotional distress -- was a proximate cause of injury or loss to him.  The test for proximate cause is simply this: was the act complained of a substantial factor in causing the injury or loss.

The plaintiff must prove that the defendants' acts were the proximate cause of any injuries actually sustained.  Proximate cause means that there must be a sufficient causal connection between the unlawful conduct of a defendant and any injury or damage sustained by plaintiff.  A defendant's unlawful conduct is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's conduct.  If an injury was a direct result or a reasonably probable consequence of a defendant's unlawful conduct, it was proximately caused by such unlawful conduct.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant(s).

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

You may award damages only for those injuries which you find plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendants in violation of the law.

## DAMAGES: SPECULATION

You must not speculate or guess as to damages. It is the plaintiff's burden to prove each element, item, and amount of damages, not the defendant's burden to disprove them.

On the other hand, proof of damages to mathematical precision is not required. Damages need not be proven with exactitude. All that is required is that the preponderance of the evidence, with such certainty as the case may permit, lays a foundation that will enable you to estimate fairly the amount of damages sustained by the plaintiff.[5]

If you find that the defendants are liable to the plaintiff on any of the grounds advanced in this lawsuit, you should then consider the question of damages. There are essentially two kinds of damages which can be awarded in a lawsuit -- compensatory damages and punitive damages. Compensatory damages are designed to compensate the plaintiff for injuries suffered by the plaintiff. These injuries include money actually spent or debts incurred as a result of the injury, as well as emotional anguish, impairment of reputation, personal humiliation, and other suffering.

In fixing compensatory damages you should determine the amount of money which will, in your judgment, reasonably and fairly compensate the plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the defendants. Among the elements of injury and harm for which compensation may be awarded are:

---

[5] Devitt & Blackmar, Instructions §85.14.

a) The physical harm to the plaintiff during and after the impairment;

b) The emotional harm to the plaintiff during and after the impairment or injury received, including emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the plaintiff has suffered or may with reasonable certainty be expected to suffer in the future;

c) Lost wages or earnings;

d) Attorney fees or other expenses and costs of legal representation;

e) Medical bills or expenses.

Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation. The damages you award should be proportional to the actual loss sustained, whether that loss is physical or mental or emotional or one of the other types of loss I have previously discussed with you.[6]

### DAMAGES: FEAR RESULTING FROM INCREASED RISK OF FUTURE MEDICAL TREATMENT AND DISABILITY

The plaintiff may recover damages for fear of an increased risk of future medical treatment and disability proximately caused by the defendants' negligence. The fear must be rational in that the consequence feared has a reasonable basis in the evidence. Fear of a completely fictitious or imagined consequence, having no reasonable basis, is not a recoverable element.

**Authority:** Barnett v. Danbury Hospital, 232 Conn. 242, 256 n. 6 (1995);

---

[6] Memphis Community School District v. Stachura, 477 U.S. 299 (1986); Wheatley v. Beetar, 637 F.2d 863, 865-68 (2d Cir. 1981); Ellis v. Blum, 643 F.2d 68, 82-84 (2d Cir. 1981); Walters v. City of Atlanta, 803 F.2d 1135 (11th Cir. 1986); Johnson v. Franklin, 112 Conn. 228, 229, 152 Atl. 64 (1930); Childs v. Bainer, 35 Conn. App. 301, 304 (1994); Creem v. Cicero, 12 Conn. App. 607, 611, 533 A.2d 234 (1987); Jeffries v. Johnson, 27 Conn. App. 471, 476, 607 A.2d 443 (1992).

Goodmaster v. Houser, 225 Conn. 637, 645-46 (1993); Petriello v. Kalman, 215 Conn. 377, 389-90 (1990).

## **PUNITIVE DAMAGES**

If you decide to award compensatory or nominal damages to the plaintiff, you may then consider whether or not to award them punitive damages. The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer for some exceptional misconduct and to serve as an example or warning to others not to engage in wrongful conduct. In a case like this one, you may consider whether acts or omissions of the defendants, if you find them to have been proved, were so serious that the defendants should pay a penalty so that in the future others will be deterred from engaging in the same conduct. Whether you decide to award any punitive damages should be based on whether you find that there have been malicious actions by the defendants in gross disregard of the plaintiff's rights.[7]

If you find that the act of the defendant was done maliciously, wantonly, or in reckless or callous disregard or indifference to the rights of the plaintiff, then you may award punitive damages as you find proper.

Whether or not to make any award of punitive damages is a matter exclusively within the province of the jury. However, you must bear in mind that punitive damages are only allowed if you have first found that the plaintiff is entitled to compensatory damages, even if such damages are nominal. You must also bear in mind that the law requires that punitive damages, if awarded, be fixed with calm discretion and sound

---

[7] Smith v. Wade, 461 U.S. 30 (1983); Stolberg v. Board of Trustees, 474 F.2d 489 (2d Cir. 1973); McFadden v. Sanchez, 710 F.2d 907 (2d Cir. 1983); Savarese v. Agriss, 883 F.2d 1194, 1204 (3d Cir. 1989); Larez v. City of Los Angeles, 946 F.2d 630, 648-49 (9th Cir.1991); Wright v. Sheppard, 919 F.2d 665, 670-73 (11th Cir. 1990).

reason. They must never be awarded, or fixed in amount, because of bias, sympathy or prejudice with respect to any party to the case.

**Authority:** Memphis Community School District v. Stachura, 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986); Smith v. Wade, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983); City of Newport v. Fact Concerts, Inc., 453 U.D. 247, 101 S.C5. 2748, 69 L.Ed.2d 616 (1981); Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); Carey v. Piphus, 435 U.S. 247. 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); Vasbinder v. Ambach, 926 F.2d 1333 (2d Cir. 1991).

>RESPECTFULLY SUBMITTED
>THE PLAINTIFF
>TYLON C. OUTLAW
>
>　　　　/s/ Raymond J. Rigat, Esq.
>By:_____
>Raymond J. Rigat, Esq.
>His Attorney
>23 East Main Street
>Clinton, Ct 06413
>(860) 669-2907
>Fed. Bar No.: ct 13320
>e-mail: raymondjrigat@gmail.com

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Plaintiff's Preliminary Requests for Jury Instructions has been sent, either electronically by e-mail, or else by operation of the Court's electronic filing system (CM-ECF), or by Regular U.S. Mail, this 16th day of December, 2015, to the following:

Nathalie Feola-Guerrieri
Senior Assistant Corporation Counsel

Office of the Corporation counsel
550 Main Street, Suite 210
Hartford, CT  06103
e-mail:  feoln001@hartford.gov;  AND

William J. Melley, III, Esq.
250 Hudson Street
Hartford, CT  06106
e-mail:  wjmelley@wjmelley.com

                                                       /s/ Raymond J. Rigat, Esq.
                                                   _____
                                                   Raymond J. Rigat, Esq.