UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TYLON C. OUTLAW                          : No.: 3:07CV01769 (GWC)
          Plaintiff                      :
                                         :
     v.                                  :
                                         :
CITY OF HARTFORD, DETECTIVE              :
TROY GORDON AND OFFICER MICHAEL          :
ALLEN                                    :
          Defendants                     : December 21, 2015

## DEFENDANTS' PROPOSED JURY CHARGE

## 1.    MULTIPLE DEFENDANTS

In this case, there is more than one Defendant. If you find that one of the
Defendants is not liable, that does not mean that the other Defendant is also
liable.

Each defendant is entitled to a fair consideration of his or her own
defense, and is not to be prejudiced by the fact, if it should become a fact, that
you find the other defendant to be liable. Unless otherwise stated, all instructions
given to you govern the case as to each defendant.

## 2.     BURDEN OF PROFF IN CIVIL CASE IS ON PLAINTIFF

In this case, the Plaintiff bears the burden of proof.  Mr. Outlaw has the burden of proving every essential element of his case by a preponderance of the evidence.  The burden is <u>not</u> upon the Defendants to disprove Plaintiff's claims. The burden remains with Plaintiff at all times.

To "prove by a preponderance of the evidence" means to prove that something is more likely true than not true.  Thus, in this case, it is Plaintiff's burden at all times to prove that it is more likely true than not true that Detective Gordon and Officer Allen intentionally or recklessly used excessive force on him and was not entitled to do so.  There is no requirement that Detectives Gordon and Officer Allen convince you that something did not happen.

If you find that an allegation made by Plaintiff has not been proven by a fair preponderance of the evidence, then you will find it not to have been proven at all, and you are not to consider this allegation in reaching your verdict.  If you believe that the testimony on any allegation or issue is evenly balanced so that you cannot say that it inclines you either one way or the other, there would be no preponderance of the evidence as to that fact or issue, and Plaintiff has failed to prove that fact or issue.

The burden of proof imposed by law upon Plaintiff requires that your decision must be based upon evidence alone and that you remove from your

consideration such matters that are merely guesses or speculations. You are not at liberty to surmise or speculate or guess as to the material facts in this case.

3 E. Devitt, C. Blackmar, & M. Wolff, <u>supra</u>, §72.01.

D. Wright & W. Ankerman, <u>supra</u>, § 311.

<u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502, 113 S. Ct. 2742, 2751-52, 125 L. Ed.2d 407 (1993).

<u>Texas Department of Community Affairs v. Burdine</u>, 450 U.S. 248, 253-254, 101 S. Ct. 1089, 67 L. Ed.2d 207 (1981).

### 3.  BURDEN OF PROOF - §1983 EXCESSIVE FORCE CLAIM & ASSAULT CLAIM

The Plaintiff claims that Detective Gordon and Officer Allen violated his Constitutional right not to be subjected to the use of excessive force by a police officer in the course of an otherwise lawful arrest.  He brings this claim under a federal law, 42 U.S.C. §1983, that provides that a person acting under color of state law who violates a person's rights under the United States Constitution can be held liable for money damages to the person whose rights he has violated.

In order to prove this claim, the Plaintiff must prove:  1) that Detective Gordon and Officer Allen were acting under color of state law; 2) that Detective Gordon and Officer Allen engaged in actions that deprived the Plaintiff of his constitutional right not to be subjected to use of excessive force; and 3) that Detective Gordon's and Officer Allen's acts were the proximate cause of the injuries or losses claimed by the Plaintiff.

The first element, acting under color of state law, is not in dispute.  Police officers get their authority under state law, so they are acting under color of state law when they act in their capacity as police officers.

The second element requires more explanation.  The Fourth Amendment to the United States Constitution guarantees people the right not to be unreasonably seized by government officials, including police officers. At the

same time, the law recognizes the practical reality that, in order to protect the public and to uphold our laws, police officers have the right to stop and arrest a person. A police officer's right to stop and arrest a person necessarily carries with it the right to use a degree of physical coercion or contact to make the stop or arrest. Likewise, a police officer has the right to protect herself and/or others by using physical force. The law tries to balance the right of citizens to be free from government interference with the governmental interest of protecting its citizens. A citizen's Fourth Amendment right is violated if a police officer subjects a person to force that is constitutionally excessive.

Please keep in mind that a police officer is justified in using reasonable physical force upon another person when and to the extent that he reasonably believes it is necessary to effect an arrest or defend himself, a third person, or the person being arrested from the use, or imminent use, of physical force.

Force is excessive if the amount of force used would not be considered reasonable by a reasonably competent police officer under the same circumstances presented at the exact time that the police officer used such force. The test is not whether the Defendant thought his use of force was reasonable, but rather it is an objective standard: would a reasonably competent police officer consider the use of the same amount of force reasonable under the same circumstances at the time the force was used?

Applying this standard requires careful attention to the facts and circumstances of the case, including the severity of the crime at issue, whether the Plaintiff posed an immediate threat to the safety of the officer or others, and whether the Plaintiff was actively resisting arrest or attempting to evade arrest by flight.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20-20 vision of hindsight. Not every push or shove, even if it may later seem unnecessary in the peace of the courtroom, violates the Fourth Amendment. Your assessment of reasonableness must allow for the fact that the police officer may have had to make a split-second judgment concerning the amount of force that was necessary in circumstances that were tense, uncertain and rapidly evolving. When making such a split-second decision, the officer may not have had information available to him or her that becomes available afterward. Therefore, any information that became available after the officer made his split-second decision or information that became known after the incident was over is not relevant to your assessment of the objective reasonableness of the officer's decision.

The Fourth Amendment does not require that an officer who uses force choose what, in hindsight, was the wisest or best or the least intrusive alternative available. Officers must only act within a range of objective reasonableness. It is not your responsibility to determine what Detective Gordon and Officer Allen

could have done better or should have done differently, but rather, to decide whether Plaintiff has proven that Detective Gordon's conduct or Officer Allen's was objectively reasonable under the Fourth Amendment. The reasonableness standard does not require that officers use less intrusive, alternative means, nor does it require the officer to explore or attempt all feasible alternatives to avoid the situation in which a more intrusive means was used. The Fourth Amendment does not ask whether the course of action taken was the most prudent or the wisest one, but only whether the action taken was objectively reasonable. The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than 20/20 hindsight. In determining whether an officer's use of force is objectively reasonable, you must view the circumstances with which the officer was confronted through the eyes of a reasonable and cautious police officer on the scene, guided by his training and experience. Police officers are allowed to draw upon their experiences and training to make inferences and deductions about the cumulative information available to them.

It is these Constitutional standards, rather than the text of any state statute or any departmental regulation, that should govern your consideration of this claim.

In this case, the facts are in dispute as to what the circumstances were when Detective Gordon and then Officer Allen acted.

You must determine what the circumstances were, as they presented themselves to Detective Gordon and then Officer Allen, at the precise time that

each acted.  If you find that Detective Gordon was in danger because of some conduct of his own, the fact that the police officer's own actions contributed to his being in danger has no bearing on the issue of whether the force used was excessive.  You are simply to determine what the situation was at the time Detective Gordon and Officer Allen used force, and whether a reasonably competent police officer would not have used such force under the circumstances at the time.

Also, if a police officer reasonably, but mistakenly, believes that a suspect is going to fight back or is harming someone else, the officer is justified in using more force than, in fact, was necessary.  In other words, if you found that Detective Gordon reasonably believed that Plaintiff was about to harm him or someone else, regardless of what Plaintiff now says, you may find that Detective Gordon's use of his force did not violate the Fourth Amendment.  You should not find in favor of the Plaintiff if you find that Detective Gordon made a reasonable but mistaken assumption at the time that he was making his split-second decision.

The third element that the Plaintiff must establish is that Detective Gordon's or Officer Allen's use of force was the proximate cause of the injuries or losses that the Plaintiff sustained.  An injury or loss is proximately caused by an action if that action was a substantial factor in bringing about the injury or the loss.  The injury or loss must also be either a direct result or a reasonably probable consequence of the act of the Defendant.

In other words, the Plaintiff must satisfy you that his injuries or losses were the natural and probable consequence of the Defendants' acts, and that the Defendants ought to have foreseen that injury or loss was likely to result from such acts.

If you find that Plaintiff has not proven by a preponderance of evidence, that Detective Gordon's or Officer Allen's use of force was unreasonable, you should return a verdict in favor of Detective Gordon and Officer Allen on the excessive force claim. If you find that Plaintiff has proven that Detective Gordon's or Officer Allen's use of force was objectively unreasonable under the totality of the circumstances known to him when he made his split-second decision and constituted a violation of Plaintiff's Fourth Amendment rights, you must consider whether such actions were the proximate cause of Plaintiff's injuries.

Ruling on Defendants' Motion for Summary Judgment

Connecticut Civil Jury Instructions §5.1-1. Saucier v. Katz, 533 U.S. 194 (2001).

Tennessee v. Garner, 471 U.S. 1 (1985).

Graham v. Connor, 490 U.S. 386 (1979).

Stephenson v. Doe, 332 F.3d 68, 78-79 (2d Cir. 2003).

Thomas v. Roach, 165 F.3d 137 (2d Cir. 1999).

Davis v. Callaway, 2007 U.S. Dist. LEXIS 29468 (D. Conn. April 9, 2007).

Brown v. Catania, 2007 U.S. Dist. LEXIS 19927 (D. Conn. March 21, 2007).

## 4.    JUSTIFIED USE OF FORCE

Under Connecticut law a police officer "is justified in using physical force upon another person when and to the extent that he or she reasonably believes such to be necessary to:  (1) Effect an arrest . . .; or (2) defend himself or herself or a third person from the use or imminent use of physical force while effecting or attempting to effect an arrest. . . ."  Under Connecticut law, "a reasonable belief that a person has committed an offense means a reasonable belief in facts or circumstances which if true would in law constitute an offense."  A police officer may also use physical force to defend himself or herself, the person being arrested, or a third person from the use or the

imminent use of physical force by the person the officer is attempting to arrest or detain. An officer may only use the degree of physical force that is necessary to effect the

arrest or prevent an escape, or for the officer to defend himself or herself, the person being arrested, or a third person while effecting the arrest or preventing an escape.

I instruct you that, under Connecticut law, a citizen possesses no right to resist arrest, even if that citizen believes the arrest is unlawful. Specifically, Connecticut law provides that a person is not justified in using physical force to resist an arrest by a reasonably identified police officer, regardless of whether the

arrest is legal or illegal. Citizens are required by statute to obey the lawful commands of a police officer while he or she is performing his or her official duties. Likewise, a person may not disregard or ignore an officer while in the performance of her or her official duties.

In determining whether a defendant reasonably believed that the use of physical force was necessary to arrest Plaintiff or to prevent Plaintiff from harming himself or others in arresting or preventing the flight of Plaintiff, you should take into account all of the circumstances of the incident, including the officers' need to make rapid decisions, to maintain their authority and control, and to preserve both their own and the general public's safety.

If you find that Detective Gordon was justified in using the force that he did to fend off and/or subdue Plaintiff, you should find in favor of Detective Gordon on all of the state law claims asserted against him. If you find that Detective Gordon was not justified in using the force that he did, you should next consider each of the state law claims that Plaintiff asserts.

Conn. Gen. Stat. §53a-22, 53a-167.

## 5.    ASSAULT AND BATTERY

Plaintiff has also brought an assault and battery claim against Detective Gordon and Officer Allen under Connecticut law.  In order to prevail on these claims, Plaintiff must prove two elements:

(1) that either or both Detective Gordon and Officer Allen applied force or violence to the person of Plaintiff; and

(2) that the application of the force or violence was unlawful.

Any unauthorized invasion of a person is battery. A battery may arise out of intentional, reckless, or negligent conduct.  However, reasonable use of force, where necessary to compel compliance with established rules of order, may not constitute assault and battery even if it might do so under different circumstances.

If you find that Plaintiff failed to prove by a preponderance of the evidence either of these two elements as to either or both Detective Gordon and Officer Allen, then you should find in favor of Detective Gordon and Officer Allen on the assault and battery claim. If you find that Plaintiff has proven by a preponderance of the evidence both of these two elements of this claim as to Detective Gordon and Officer Allen, he has proven assault and battery and you must then consider whether Detective Gordon and Officer Allen were authorized to apply such force to Plaintiff in order to protect himself or others or to effect an arrest.  If Detective Gordon and Officer Allen were authorized to apply force to Plaintiff under the

facts as you find them, then you should return a verdict in favor of Detective Gordon and Officer Allen.  If you find that Detective Gordon and Officer Allen were not authorized to apply force to Plaintiff, under Connecticut law, then you would find in favor of Plaintiff on his assault and battery claim.

See, Miller v. Lovett, 879 F.2d 1066, 1072-73 (2d Cir. 1989)

Virgo v. Lyons, 209 Conn. 497 (1988)).

Williams v. Lopes, 64 F. Supp. 2d 37, 47 (D. Conn. 1999)

## 6.    GOVERNMENTAL IMMUNITY

In addition to his federal §1983 excessive force claim, Plaintiff has brought a number of claims under state law.  State law, like federal law, provides government employees, such as police officers, with immunity from suit in certain circumstances. Police officers are generally immune from liability for actions within the scope of their duties if those actions require the governmental employee to exercise discretion.  In this case, there is no question that Detective Gordon and Office Allen were called upon to exercise their discretion. Therefore, Detective Gordon and Officer Allen are immune from liability under Plaintiff's state law claims unless Plaintiff proves each element of one of several exceptions to this immunity.  First, a police officer may be held liable for his discretionary actions within the scope of his duties if his actions present an imminent harm to an identifiable victim and it is apparent that his actions will likely subject that identifiable victim to harm.  Second, a police officer may be held liable if his acts involve malice, wantonness or intent to injure, rather than negligence.  If you find that Plaintiff has failed to prove any element of these exceptions, then you should find in favor of the Defendants on all of the state law counts asserted in the complaint.  If you find that Plaintiff has proven each of the elements of the exceptions, you should consider whether Detective Gordon or Officer Allen are liable under state law.

If you find that the first exception applies, there are several further instructions that I need to give you. This exception to governmental immunity applies when it is apparent to the police officer that his failure to act would subject an identifiable person to imminent harm, and contains three separate analyses. First, Plaintiff must be identifiable as a potential victim of Detective Gordon's and Officer Allen's failure to act, or within a narrowly defined class of foreseeable victims. There are numerous criteria that help determine whether a person fits within the scope of the foreseeable class of victims, such as the imminence of any potential harm to that person, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim. If you find that Plaintiff was an identifiable or foreseeable victim of Detective Gordon's and Officer Allen's failure to act, you must then decide whether Plaintiff was subject to imminent harm by Detective Gordon's and Officer Allen's failure to act. To qualify as "imminent harm," the danger must be limited in duration and close at hand, and the potential for harm must be significant and foreseeable. If you find that the harm was imminent, you must decide whether that imminent harm to Plaintiff was apparent to Detective Gordon and Officer Allen at the time that he failed to act. If you find that Detective Gordon's and Officer Allen's failure to act subjected Plaintiff to harm that was significant,

foreseeable, and of limited duration, that Plaintiff was a foreseeable victim of that

harm, and that this harm was apparent to Detective Gordon and Officer Allen,

then Detective Gordon and Officer Allen are not entitled to immunity from

Plaintiff's negligence and negligent infliction of emotional distress claims. If you

find that Plaintiff has failed to prove that Detective Gordon and Officer Allen

failure to act fit within the exception of governmental immunity as to Plaintiff's

negligence or negligent infliction of emotional distress claims, then Detective

Gordon and Officer Allen are entitled to immunity on that claim or claims, and

you should return a verdict in favor of Detective Gordon and Officer Allen on that

claim or claims.

Ruling on Defendants' Motion for Summary Judgment

Fleming v. City of Bridgeport, 284 Conn. 502 (2007).

## 7. NO DUPLICATION OF DAMAGES

If you have determined that Plaintiff is entitled to damages on any of his claims for relief in this case, I instruct you that he may not recover twice for the same injury.[1] In other words, you may only award damages once for a particular harm regardless of the number of legal claims that Plaintiff has proven. For example, if you find that Plaintiff has proven All of the elements necessary to establish a §1983 excessive force claim and all of the elements necessary to establish a state assault claim and/or an emotional distress claim, you may not award Plaintiff twice for his injuries.

Also, if you find in favor of Plaintiff on any or all of the counts in his complaint, but find that he suffered no injuries, you must not award him nominal damages more than once.

In order to assist you in making any damages award correctly, you will be given a special form that will require you to identify the amount of the damages you have calculated for each claim.

---

[1] Bender v. City of New York, 78 F.3d 787, 793 (2d Cir. 1996); Kilduff v. Adams, Inc., 219 Conn. 314, 333, 593 A.2d 478 (1991); Peck v. Jacquemin, 196 Conn. 53, 70 n.19, 491 A.2d 1043 (1985); ABA Model Jury

Instructions Employment Litigation, supra, § 3.03[6].

**8.    QUALIFIED IMMUNITY**

1.    I have now completed my instructions to you on the elements of plaintiff's Section 1983 claim.  If you find that the plaintiff has proven the elements of his Section 1983 claim against a defendant, you must proceed to consider whether the defendant is entitled to what the law calls "qualified immunity" for each claim that the plaintiff has proved.

2.    A particular defendant will be entitled to qualified immunity if, at the time of the conduct complained of, he should have known that his conduct was contrary to clearly established federal law.

3.    The defendant whom you are considering has the burden of demonstrating that his conduct did not violate the clearly established federal law about which I have instructed you.  A particular defendant is entitled to qualified immunity only if a reasonable police office in defendant's position would not have been expected at the time to know that his conduct violated clearly established federal law.

4.    In deciding what a reasonable officer should have known about the legality of his conduct, you may consider the nature of that defendant's official responsibilities, the information that was known to the defendant or not known to him at the time of the incident in question, and the events that confront him.

5.    Qualified immunity is an affirmative defense.  Having claimed insulation from liability on the basis of qualified immunity, it is defendants' burden

of proving the elements of that defense by a preponderance of the evidence. The elements required to be proven are: One, that their conduct was within the scope of their duties; two, that their conduct was not violative of constitutional rights clearly established at the time of their conduct. A defendant is entitled to the absolute defense if, in the performance of his duties, as would a reasonably objective police officer, he had an objectively reasonable belief that the force used in subduing the plaintiff was reasonable and lawful.

*Authority:* Escalera v. Lunn, 361 F. 3d 737,743 (2d Cir.2004); Boyd v. New York, 336 F.3d 72, 76 (2d Cir.2003); Pearson v. Callahan, 129 S.Ct. 808, 815 (2009) *citing* Groh v. Ramirez, 540 U.S. 551, 567 (2004); Butz v. Economou, 438 U.S. 478, 507 (1978).

6.      Thus, you must ask yourself what a reasonable officer in the particular defendant's situation would believe about the legality of his conduct. If you find that a reasonable officer in the defendant's situation would have believed that his conduct was lawful, the official is protected from liability by qualified immunity.

7.      To summarize, if the defendant whom you are considering convinces you by a preponderance of the evidence that his conduct did not violate clearly established federal law on a particular claim, then you must return a verdict for that defendant on that claim. This is so even though you may have

previously found that the defendant in fact violated the plaintiff's federally protected rights. If you find that the defendant has not proved that he is entitled to qualified immunity on a particular claim, then you should proceed to consider the issue of damages.

***Authority:*** 42 U.S.C. 1983; <u>Pearson v. Callahan</u>, 555 U.S. ___, 129 S.Ct. 808, 77 USLW 4068 (2009); <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982); <u>Saucier v. Katz</u>, 533 U.S. 194, 200-01 (2001); <u>Lennon v. Miller</u>, 66 F.3d 416, 422 (2d Cir. 1995); <u>Anderson v. Creighton</u>, 483 U.S. 635, 641 (1987); <u>Anderson v. Branen</u>, 17 F.3d 552, 557, (2d Cir. 1994); <u>O'Neill v. Krzeminski</u>, 839 F.2d 9, 11 (2d Cir. 1988); <u>Gagnon v. Ball</u>, 696 F.2d 17, 21 (2d Cir. 1982); <u>Graham v. Connor</u>, 490 U.S. 386, 394, 104 L.Ed.2d 443, 109 S.Ct. 1865 (1989); Conn. Gen. Stat. 53a-23.

DEFENDANTS DETECTIVE TROY
GORDON AND OFFICER MICHAEL ALLEN,


By/s/William J. Melley III
   William J. Melley III
   250 Hudson Street
   Hartford, CT 06106
   Phone: (860) 247-9933
   Fax: (860) 247-9944
   Federal Bar No.: CT 06355

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TYLON C. OUTLAW | : No.: 3:07CV01769 (GWC) |
| Plaintiff | : |
| | : |
| v. | : |
| | : |
| CITY OF HARTFORD, DETECTIVE | : |
| TROY GORDON AND OFFICER MICHAEL | : |
| ALLEN | : |
| Defendants | : December 21, 2015 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON December 21, 2015 a copy of the foregoing Proposed Jury Charge was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ William J. Melley III
William J. Melley III
Fed. Bar No.: ct 06355
Law Offices of William J. Melley
250 Hudson Street
Hartford, Ct 06106
Tel: 860-247-9933
Fax: 860-247-9944
Email: wjmelley@wjmelley.com