UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TYLON C. OUTLAW<br>Plaintiff<br><br>v.<br><br>CITY OF HARTFORD, DETECTIVE<br>TROY GORDON AND OFFICER MICHAEL<br>ALLEN<br>Defendants | : No.: 3:07CV01769 (GWC)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: December 21, 2015 |

## DEFENDANTS' PROPOSED JURY INTERROGATORIES

**A.　Section 1983 Excessive Force Claim against Detective Troy Gordon**

1.　Liability.

　　a.　Do you find that Plaintiff has proven, by a preponderance of the evidence, that Detective Gordon used excessive force on Plaintiff such that a reasonable police officer, standing in the shoes of Detective Gordon on December 17, 2004, would believe that the use of such force was unreasonable.

　　　_____ Yes　　　_____ No

If the answer to this question is "Yes," please proceed to the next question. If your answer to this question was "No," please proceed directly to Section B, below and skip the questions in between.

　　b.　Do you find that Plaintiff has proven, by a preponderance of the evidence, that Detective Gordon's use of force was the proximate cause of Plaintiff's alleged injuries.

　　　_____ Yes　　　_____ No

1

2. <u>Factual Findings</u>: Do you find the following:

    a. On December 17, 2004, Detective Gordon had reason to believe that he or any other person was in danger of physical injury from Mr. Outlaw.

_____ Yes      _____ No

    b. On December 17, 2004, Detective Gordon attempted to arrest Mr. Outlaw.

_____ Yes      _____ No

    c. On December 17, 2004, would a reasonable police officer, in the shoes of Detective Gordon, believe that the amount of force used by Detective Gordon was objectively reasonable under the circumstances.

_____ Yes      _____ No

    d. On December 17, 2004, would a reasonable officer, in the shoes of Detective Gordon, believe that his use of force against Mr. Outlaw was illegal under existing law.

_____ Yes      _____ No

**B. <u>Section 1983 Claim Against Officer Michael Allen</u>**

1. <u>Liability</u>.

    a. Do you find that Plaintiff has proven, by a preponderance of the evidence, that Officer Allen used excessive force on Plaintiff such that a reasonable police officer, standing in the shoes of Officer Allen on December 17, 2004, would believe that the use of such force was unreasonable.
_____ Yes      _____ No

If the answer to this question is "Yes," please proceed to the next question. If your answer to this question was "No," please proceed directly to Section C, below and skip the questions in between.

b. Do you find that Plaintiff has proven, by a preponderance of the evidence, that Officer Allen's use of force was the proximate cause of Plaintiff's alleged injuries.

_____ Yes          _____ No

2. <u>Factual Findings</u>: Do you find the following:

   a. On December 17, 2004, Officer Allen had reason to believe that Detective Gordon was in danger of physical injury from Mr. Outlaw.

   _____ Yes          _____ No

   b. On December 17, 2004, would a reasonable police officer, in the shoes of Officer Allen, believe that the amount of force used by Officer Allen was objectively reasonable under the circumstances.

   _____ Yes          _____ No

   c. On December 17, 2004, would a reasonable officer, in the shoes of Officer Allen, believe that his use of force against Mr. Outlaw was illegal under existing law.

   _____ Yes          _____ No

**C.   Assault & Battery**

Do you find that Mr. Outlaw has proven, by a preponderance of the evidence, that Detective Gordon committed assault and battery against him and was not authorized to do so under Connecticut law on December 17, 2004?

_____ Yes          _____ No

D. **Assault & Battery**

Do you find that Mr. Outlaw has proven, by a preponderance of the evidence, that Officer Allen committed assault and battery against him and was not authorized to do so under Connecticut law on December 17, 2004?

_____ Yes        _____ No

E. **Intentional Infliction of Emotional Distress**

Do you find that Mr. Outlaw has proven, by a preponderance of the evidence, that Detective Gordon is liable to him for intentional infliction of emotional distress?

_____ Yes        _____ No

F. **Intentional Infliction of Emotional Distress**

Do you find that Mr. Outlaw has proven, by a preponderance of the evidence, that Officer Allen is liable to him for intentional infliction of emotional distress?

_____ Yes        _____ No

If you answered "no," to all of the questions that you were asked to answer above, please proceed no further. You have found in favor of the Defendants. The foreperson should sign at the bottom and the security officer should be notified that you have reached a verdict. If you answered "yes" to any of the questions that you were asked to answer above, you have found in favor of the Plaintiff against Detective Gordon and/or Officer Allen. Pease proceed to section G, below.

G. **Damages**

    1. **Nominal Damages.** If you have found either Detective Gordon or Officer Allen liable for any of the claims that Mr. Outlaw asserts, do you find that Mr. Outlaw has failed to prove, by a preponderance of the evidence, that he suffered any compensable damages as a result of the actions of Detective

Gordon and/or Officer Allen and that you wish to award him nominal damages of $1?

_____ Yes          _____ No


If "Yes," please do not answer any additional questions, have the foreperson sign below and notify the Court security officer that you have reached a verdict. If "No," proceed to Subsections 2 and 3.


    2.    **Economic Damages:** What amount of damages, if any, has Mr. Outlaw proven that he is entitled to for economic damages, as a result of the actions of either Detective Gordon or Officer Allen?

$_____

    3.    **Non-economic Damages:** What amount of damages, if any, has Mr. Outlaw proven that he is entitled to for his mental suffering, emotional distress and any other non-economic damages as a result of the actions of Detective Gordon and/or Officer Allen?

$_____

H. **Punitive Damages:**

(a) Do you unanimously find that Detective Gordon's intentional actions on December 17, 2004 were outrageous such that they constitute extraordinary, malicious and intentional misconduct and justify punitive damages against him to be paid by him personally?

_____ Yes          _____ No


(b) Do you unanimously find that Officer Allen's intentional actions on December 17, 2004 were outrageous such that they constitute extraordinary, malicious and intentional misconduct and justify punitive damages against him to be paid by him personally?
_____ Yes          _____ No


Please review the answers to these questions carefully and then have the foreperson sign below.

_____
Foreperson

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TYLON C. OUTLAW<br>Plaintiff | : No.: 3:07CV01769 (GWC)<br>:<br>: |
| v. | :<br>: |
| CITY OF HARTFORD, DETECTIVE<br>TROY GORDON AND OFFICER MICHAEL<br>ALLEN<br>Defendants | :<br>:<br>:<br>: December 21, 2015 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON December 21, 2015 a copy of the foregoing Defendants' Proposed Jury Interrogatories was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ William J. Melley III
William J. Melley III
Fed. Bar No.: ct 06355
Law Offices of William J. Melley
250 Hudson Street
Hartford, Ct 06106
Tel: 860-247-9933
Fax: 860-247-9944
Email: wjmelley@wjmelley.com