UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

FILED

2016 JAN -7 P 12: 52

US DISTRICT COURT
H\_\_FD CNJ CT

| | |
|---|---|
| TYLON C. OUTLAW | ) |
| | ) |
| | ) |
| v. | ) Case No. 3:07-cv-01769 |
| | ) |
| DETECTIVE TROY GORDON and | ) |
| OFFICER MICHAEL ALLEN | ) |

## FINAL JURY CHARGE

Members of the Jury:

Now that you have heard the evidence and the arguments, it is my duty to instruct you on the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them.

My instructions come in two parts. The first part consists of general instructions about the task of the jury and about the rules and principles which should guide you in your deliberations. The second part consists of instructions which apply to the specific claims and defenses in this case. I ask that you pay equal attention to both parts.

## ROLE OF THE COURT

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, you must follow my instructions.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law should be, it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

## ROLE OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts. You make decisions based upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence. You are to perform the duty of finding the facts without bias towards any party.

In deciding the facts, no one may invade your function as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence. Nor should you consider as evidence anything I may have said—or what I may say in these instructions—about a fact in issue.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the plaintiff has proven his case.

You should reach your judgment impartially and fairly, without prejudice or sympathy, solely upon the evidence in the case and without regard to the consequences of your decision. If you let sympathy or prejudice interfere with your clear thinking, there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at a just verdict.

### JURORS' EXPERIENCE OR SPECIALIZED KNOWLEDGE

Anything you have seen or heard outside the courtroom is not evidence and must be disregarded entirely. It would be a violation of your oath as jurors to consider anything outside the courtroom in your deliberations. But in your consideration of the evidence, you do not leave behind your common sense and life experiences. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as you feel are justified in light of the evidence. However, if any juror has specialized knowledge, expertise, or information with regard to the facts and circumstances of this case, he or she may not rely upon it in deliberations or communicate it to other jurors.

### ALL PERSONS EQUAL BEFORE THE LAW

Your verdict must be based solely upon the evidence developed at this trial, or lack of evidence. The fact that the plaintiff is an individual and that the defendants are police officers must not enter into or affect your verdict. This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as equals in a court of justice.

## EVIDENCE

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits admitted into evidence, any stipulations submitted by the parties, and judicially noted facts. Testimony that has been stricken or excluded is not evidence and you may not consider it in rendering your verdict. Also, if certain testimony was received for a limited purpose—such as for the purpose of assessing a witness's credibility—you must follow the limiting instructions I have given.

There are two types of evidence that you may properly use in reaching your verdict. One type of evidence is direct evidence. Direct evidence is when a witness testifies about something she or he knows by virtue of her or his own senses—something she or he has seen, felt, touched or heard. Direct evidence may also be in the form of an exhibit such as a document or photograph.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. You may infer on the basis of reason, experience, and common sense from one established fact, the existence or non-existence of some other fact. For example, if you were to see cow tracks in a pasture, that would be circumstantial evidence that there are or were cows in the pasture.

Circumstantial evidence is of no less value than direct evidence; generally, the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict be based on a preponderance of all the evidence presented.

## OBJECTIONS

From time to time the Court has been called upon to determine the admissibility of certain evidence following objections from the attorneys. It is part of the attorneys' duty to make

objections, and you should not draw any conclusions or make any judgment from the fact that an attorney has objected to evidence. In the same fashion, you should not concern yourself with the reason for any rulings on objections by the Court.

Whether offered evidence is admissible is purely a question of law for the Court and outside the province or concerns of the jury. In admitting evidence to which objections have been made, the Court does not determine what weight should be given to such evidence, nor does it assess the credibility of the evidence. Of course, you will dismiss from your mind completely and entirely any offered evidence which has been ruled out of the case by the Court, and you will refrain from speculation about the nature of any exchange between the Court and counsel held out of your hearing.

## **EXPERT WITNESSES**

In this case, I have permitted witnesses to express opinions about matter that are in issue. These witnesses were the two physicians: Dr. Lena and Dr. Spinella. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness

to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

## **CREDIBILITY OF WITNESSES**

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and importance of each witness's testimony.

How do you determine the credibility of the witnesses? You watched each witness testify. Everything each witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor—that is, his or her carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of his or her memory, his or her candor or lack of candor, his or her intelligence, the reasonableness and probability of his or her testimony and its

consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

## IMPEACHMENT OF A WITNESS

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony. It is your exclusive province to give the testimony of each witness such credibility or weight that you think it deserves.

If you find that a witness testified untruthfully in some respect, you may consider that fact in deciding what credence you will attach to that witness's testimony. Considering that fact and all other relevant evidence, you may accept or reject the testimony of such a witness, in whole or in part.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; and whether the witness had an explanation for the inconsistency, and whether that explanation made sense to you.

## INFERENCES

In their arguments, the parties may have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other

7

fact. An inference is not a suspicion, guess, speculation or conjecture. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact that has been shown to exist.

There are times when different inferences may be drawn from facts, whether those facts are proven by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defendants ask you to draw another. It is a deduction or conclusion which you, the jury, are permitted to draw, but are not required to draw, from the facts which have been established by either direct or circumstantial evidence. It is for you, and you alone to decide what inferences you will draw. In drawing inferences, you should exercise your common sense.

Some claims may require a jury to determine whether the plaintiff has proven a particular state of mind or purpose on the part of a person. Direct proof of a person's state of mind or purpose is not always available and is not required. Instead, you are permitted, but not required, to infer that a person acted with a particular state of mind or purpose based on circumstantial evidence.

## **BURDEN OF PROOF**

This is a civil case and as such the plaintiff has the burden of proving the allegations of his complaint by a preponderance of the evidence. If after considering all of the testimony you are satisfied that the plaintiff has carried his burden on each essential point as to which he has the burden of proof, then you must find for the plaintiff on his claims. If after such consideration, you find the evidence to be in balance or equally probable—or if you find that the evidence tips in favor of the defendants—then the plaintiff has failed to sustain his burden and you must find for the defendants.

## MULTIPLE DEFENDANTS

In this case there is more than one defendant. You should consider the liability of each defendant separately. Each defendant is entitled to a fair consideration of his defense and should not be prejudiced by your decision concerning the other defendant.

## PREPONDERANCE OF THE EVIDENCE

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. What does a preponderance of the evidence mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and the persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all the witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties, then you must decide that issue against the party having the burden of proof. That rule follows from the fact that the party bearing this burden most prove more than simple equality of evidence—he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proven by a preponderance of the evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is a proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

### INSTRUCTIONS ON THE SUBSTANTIVE LAW OF THE CASE

I turn now to the instructions which govern the specific allegations in this case. The plaintiff has made several claims. Each has different elements and requires the jury to make different factual decisions. I will discuss each claim separately.

### FEDERAL CIVIL RIGHTS CLAIMS UNDER 42 U.S.C. § 1983

First, I will discuss plaintiff's claim that the defendants violated his rights under the United States Constitution. The law to be applied in this case is the federal civil rights law which provides a remedy for individuals who have been deprived of their constitutional or statutory rights under color of state law. We call this type of a claim a "section 1983 claim" because of the title of the particular federal law authorizing a lawsuit for deprivation of federal rights.

The plaintiff has the burden of proving each and every element of his section 1983 claim by a preponderance of the evidence. If you find that any one of the elements of the plaintiff's section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendants with respect to such claim or claims.

### ELEMENTS OF A SECTION 1983 CLAIM

To establish a claim under section 1983, the plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

10

Second, that this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States; and

Third, that the defendants' acts were the proximate cause of the injuries and damages sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

### ACTION UNDER COLOR OF STATE LAW

The first element of the plaintiff's claim is that the defendants acted under color of state law. Since the defendants were police officers employed by the City of Hartford and on duty at the time of the acts in question, they were acting under color of state law. In other words, the first statutory requirement is satisfied.

### DEPRIVATION OF RIGHT

The second element of the plaintiff's claim is that the defendants deprived him of a federal right. In order for the plaintiff to establish the second element, he must show three things by a preponderance of the evidence: first, that the defendants committed the acts alleged by the plaintiff; second, that those acts caused the plaintiff to suffer the loss of a federal right; and third, that, in performing the acts alleged, the defendants acted with the requisite state of mind. I will elaborate on those issues, and then return to the final element of a section 1983 claim (proximate cause).

### EXCESSIVE FORCE

The plaintiff claims that defendants Gordon and Allen deprived him of his right to be free from excessive force during a stop or arrest in striking and hitting him on December 17, 2004, when they encountered him in Hartford, Connecticut. I will now instruct you concerning the law governing liability for use of excessive and unnecessary force by a police officer.

11

In general, a seizure or arrest of a person is unreasonable under the Fourth Amendment of the Constitution if a police officer uses excessive force in making a lawful arrest or in defending himself or others. Thus, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that one or both of the defendant police officers used excessive force when they arrested him on December 17, 2004.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

The right to make any arrest or to protect the public or another police officer necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect the arrest or to protect. A police officer is justified in using reasonable physical force upon another person when and to the extent that a reasonable officer on the scene would believe it is reasonably necessary to achieve these purposes. A police officer is not justified in using physical force which exceeds the amount reasonably required under the conditions of the case.

The Fourth Amendment does not require that an officer who uses force choose what in hindsight, was the wisest or best or the least intrusive alternative available. Officers must act within a range of objective reasonableness. You should consider the circumstances through the eyes of a reasonable and cautious police officer on the scene, guided by his or her training and experience.

In determining whether the officers used excessive force in this case, you may consider all of the circumstances known to the officers on the scene, including:

1. The severity of the crime or other circumstances to which the officers were responding;

2. Whether the plaintiff posed an immediate threat to the safety of the officers or to others;

3. Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4. The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be reasonably necessary;

5. The availability of alternative methods to take the plaintiff into custody;

6. Other factors particular to this case.

## **STATE OF MIND**

I instruct you that, to establish a claim under section 1983, the plaintiff must show that the defendants acted intentionally or recklessly. If you find that the acts of the defendants were merely negligent, then, even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for the defendants.

An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or other innocent reason.

An act is reckless if done in conscious disregard of its known probable consequences. In determining whether the defendants acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

## **PROXIMATE CAUSE**

The final element which the plaintiff must prove is that the defendants' acts were a proximate cause of the injuries sustained by the plaintiff. Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damages sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damages were a reasonably foreseeable consequence of the defendants' acts or omissions.

In order to recover damages, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendants. If you find that the defendants have proved by a preponderance of the evidence, that the plaintiff complains about an injury which would have occurred even in the absence of the defendants' conduct, you must find that the defendants did not proximately cause the plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate in the same time, either independently or together, to cause an injury.

A defendant is not liable if the plaintiff's injury was caused by a new or independent source of an injury which intervenes between the defendants' acts or omissions and the plaintiff's injury and which produced a result which was not reasonably foreseeable by the defendant.

## **CLAIMS ARISING UNDER THE STATE LAW OF CONNECTICUT**

I now direct your attention to the claims made by plaintiff under the state law of Connecticut. These include claims arising under both the Constitution of the State of

14

Connecticut and the general state law of Connecticut.

### **VIOLATION OF SECTIONS 7 AND 9 OF THE CONNECTICUT CONSTITUTION**

In addition to the plaintiff's federal constitutional claim, the plaintiff claims that the defendants violated his state constitutional right not to be subjected to excessive or unreasonable force during an arrest, guaranteed by Article First, Sections 7 and 9 of the Connecticut Constitution. Article First, Section 7 guarantees all citizens of this state that they "shall be secure in their persons, house, papers and possessions from unreasonable search and seizures." Section 9 guarantees that "no person shall be arrested detained or punished, except in cases clearly warranted by law." State law provides that a person may seek damages for a police officer's violation of these rights.

The elements of these state-law claims consist of generally the same elements as the plaintiff's federal section 1983 claim of excessive force. Therefore, in order for the plaintiff to prove his state constitutional claims, he must establish, by a preponderance of the evidence, that the defendants committed acts that violated his constitutional rights secured by the Connecticut Constitution, that in doing so the defendants were acting under color of state law, and that the defendants' acts were the proximate cause of the plaintiff's damages.

As in the case of the federal section 1983 claim, I instruct you that the defendants' actions took place "under color of state law." This is not an element you must decide.

In deciding whether the defendants' violated the plaintiff's rights under the Connecticut Constitution, you may follow the same instructions concerning the claim of "excessive force" which I provided concerning the section 1983 claim.

You should also follow the same instructions regarding the third element of proximate cause. As in the case of the section 1983 claim, the plaintiff must prove that a violation of his state constitutional rights was the proximate cause of injury.

### ASSAULT AND BATTERY CLAIMS

In addition to claiming his federal and state constitutional rights were violated, the plaintiff also claims that his rights under the general Connecticut state law were violated. He claims that the defendants committed the wrongful act of assault and battery upon him. Assault and battery consists of two elements, both of which the plaintiff must prove by a preponderance of the evidence:

(1) that either or both of the defendants applied force or violence to the plaintiff's body; and

(2) that the application of the force or violence was unlawful.

With respect to the first element, any harmful or offensive physical contact may satisfy the requirements for an assault and battery. With respect to the second element, not every use of force against another person is unlawful. In the context of this case, a reasonable use of force which is necessary to compel compliance with lawful police orders may not constitute assault and battery even if it might under different circumstances. In other words, you must decide whether the use of force by the police officer defendants was reasonable under the circumstances of this case.

As with the constitutional claims, you must also decide whether the assault and battery (if it occurred) was the proximate cause of injury to the plaintiff. The same instructions I provided earlier concerning the nature of proximate cause apply to this claim.

## JUSTIFIED USE OF FORCE

In considering both the state constitutional claim and the general state law claim of assault and battery, you should consider the state law of Connecticut concerning the use of force by a police officer. Under Connecticut law, a police officer is justified in using physical force upon another person when and to the extent that he or she reasonably believes such to be necessary to effect an arrest or to defend himself or herself or a third party from the use or imminent use of physical force while effecting or attempting to effect an arrest. Under Connecticut law, a citizen possesses no right to resist arrest, even if that citizen believes the arrest is unlawful. Citizens are also required to obey the lawful commands of a police officer while he or she is performing official duties.

In determining whether a defendant reasonably believed that the use of physical force was necessary to arrest plaintiff or to prevent him from harming the officers or others, you should take into account all of the circumstances of the incident. You should consider this instruction in deciding whether the defendants violated the Connecticut Constitution or committed an assault and battery upon the plaintiff.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS

The plaintiff alleges that the conduct of the defendants constituted intentional infliction of emotional distress.

To establish such a claim, the plaintiff must establish, by a preponderance of the evidence, each of the following elements:

First, that the defendants intended to inflict emotional distress, or that the defendants knew or should have known that emotional distress was the likely result of their conduct;

Second, that the conduct was extreme and outrageous;

17

Third, that the conduct was the cause of emotional distress experienced by the plaintiff; and

Fourth, that the emotional distress sustained by the plaintiff was severe.

The first element concerns the defendants' state of mind. Recall that that there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds, as well as your belief or disbelief with respect to those facts.

Regarding the second element, the defendants' liability for intentional infliction of emotional distress requires that you find that their conduct exceeded all bounds usually tolerated by decent society. Liability can be found only where the defendants' conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Conduct on the part of the defendants that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for liability based upon intentional infliction of emotional distress.

The plaintiff must prove that the defendants' acts were a proximate cause of his injuries. Proximate cause in this context means the same thing as it did in the context of the plaintiff's section 1983 claims, that is to say that the act was a substantial factor in bringing about or actually causing injury such that the injury or damages were a reasonably foreseeable consequence of the defendants' acts.

## **COMPENSATORY DAMAGES**

Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the defendants should be held liable.

If you return a verdict for the plaintiff, then you must consider the issue of actual damages.

If you return a verdict for the plaintiff, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a consequence of the conduct of the defendants.

You shall award actual damages only for those injuries which you find that the plaintiff has proven by a preponderance of the evidence. Moreover, you shall award actual damages only for those injuries which you find the plaintiff has proven by a preponderance of the evidence to have been proximately caused by conduct of the defendants which violated section 1983 or Connecticut state law. That is, you may not simply award actual damages for any injury suffered by the plaintiff—you must award actual damages only for those injuries that are a direct result of actions by the defendants which violated the plaintiff's rights under federal law or the law of Connecticut.

You should not award damages more than once for the same injury. For example, if the plaintiff were to prevail on two claims and establish damages for the same injury under both claims, you should not award him damages on both of those claims. The plaintiff is entitled to be made whole, but is not entitled to recover more than he lost. Of course, if different injuries are attributed to the separate claims, then you must compensate the plaintiff fully for all of his injuries.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

# FINAL INSTRUCTIONS

This completes my instructions to the jury. You will retire now to the jury room to deliberate in privacy about the issues in the case. I will provide a verdict form to guide you in your deliberations. You will also receive the exhibits which were admitted into evidence. I will also provide eight copies of these instructions.

I appoint Marilyn LaCerle as your foreperson. She shall be responsible for making sure that the deliberations occur in an orderly fashion and that every juror has an opportunity to participate.

Any verdict which you return must be unanimous. This means that you cannot answer a question on the verdict form unless and until all eight of you agree on the answer.

If you need to communicate with the Court, please do so in writing. I will confer with the lawyers about your question and send back a written response. Please advise the court officer after you reach a verdict but do not tell him or her or anyone else what the verdict is until you return to the courtroom at which time I will receive the verdict form from your foreperson.